UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ONTIVEROS,

        Plaintiff,

    v.

ROBERT ZAMORA and ZAMORA AUTOMOTIVE GROUP (form unknown),

        Defendants.
_____/

NO. CIV. S-08-567 LKK/DAD

O R D E R

Plaintiff's motion for class certification (ECF No. 73) and defendants' motion to compel individual arbitration, strike class allegations, and stay or dismiss the proceedings (ECF No. 72), are both currently set for hearing on February 11, 2013.

Defendants have filed objections to plaintiff's counsel's declaration in support of his reply brief and the exhibits thereto, on the grounds that these documents improperly present new factual material. (ECF No. 94.) Defendants request that the court therefore either disregard the newly-filed information or permit defendants to file a sur-reply.

1

1   According to the challenged declaration (ECF No. 92),
2 defendants' Fed R. Civ. P. 30(b)(6) witness was unavailable for
3 deposition prior to the date set by the court for the filing of the
4 instant motion for class certification. As a result, plaintiff did
5 not obtain the exhibits in question in time to include them with
6 his initial moving papers.

7   The court is of the view that a full presentation of the
8 record is necessary in order to adjudicate the issues raised in
9 this motion, and will consider the additional materials submitted
10 by plaintiff on reply. In such instances, "the district court
11 should not consider the new evidence without giving the [other
12 party] an opportunity to respond." Provenz v. Miller, 102 F.3d
13 1478, 1483 (9th Cir. 1996) (quoting Black v. TIC Inv. Corp., 900
14 F.2d 112, 116 (7th Cir. 1990)).

15   Accordingly, the court GRANTS defendants leave to file a sur-
16 reply no more than seven (7) days after entry of this order. The
17 sur-reply should only address the new arguments and materials
18 raised in plaintiff's reply. Raising new arguments or producing new
19 evidence in the sur-reply may be grounds for substantial sanctions.

21   In addition, the court FINDS that granting defendants' motion
22 to compel individual arbitration, strike class allegations, and
23 stay or dismiss the proceedings may render plaintiff's motion for
24 class certification moot. Accordingly, the court will only consider
25 the former motion at the February 11, 2013 hearing, and based on
26 its decision therein, will either specially set a hearing on the

1 class certification motion or decide that motion on the pleadings
2 if it finds oral argument to be unnecessary.
3      The parties' briefing deadlines for both motions remain
4 unchanged.
5      IT IS SO ORDERED.
6      DATED:  January 28, 2013.

```
                              /s/ Lawrence K. Karlton
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```

3