UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ONTIVEROS,

        Plaintiff,

    v.

ROBERT ZAMORA and ZAMORA AUTOMOTIVE GROUP (form unknown),

        Defendants.

/

NO. CIV. S-08-567 LKK/DAD

<u>O R D E R</u>

Defendant Stockton Honda has appealed the court's order denying its motion to compel individual arbitration, and now moves for a stay during the pendency of the appeal. While this matter was originally set for hearing on April 22, 2013, it has been decided on the papers submitted. For the reasons set forth below, defendant's motion will be granted.

**I. PROCEDURAL HISTORY**

Plaintiff Jose Ontiveros was formerly employed by defendant Stockton Honda as an auto mechanic. The gravamen of plaintiff's lawsuit, a putative class action, is that auto mechanics employed

1

by defendant and other dealerships in the Zamora Automotive Group are paid on what is essentially a piece rate system. This system allegedly leaves mechanics unpaid for time when they are required to be at work but are not working on a repair job.

Plaintiff filed the operative Second Amended Complaint on November 18, 2008. (ECF No. 18.) This matter was subsequently stayed from March 27, 2009 to October 31, 2009 in order to give the parties time to pursue mediation. (ECF Nos. 34, 37.) It was again stayed, and then administratively closed, from July 13, 2010 to July 25, 2012, pending the outcome of a related state court proceeding. (ECF Nos. 51, 58, 64.)

On December 5, 2012, pursuant to the court's pretrial scheduling order (ECF No. 70), plaintiff filed a motion for class certification. (ECF No. 73.) One day earlier, defendant filed a motion to compel individual arbitration, strike class allegations, and stay or dismiss the proceedings herein. (ECF No. 72.)

By order dated February, 14, 2013, the court denied defendant's motion, finding that it had waived its right to arbitrate this dispute. In reaching this decision, the court declined to address plaintiff's arguments (i) that he had never signed the arbitration agreement, rendering it unenforceable, (ii) that, under California law, classwide arbitration waivers in employment agreements are unenforceable, and (iii) that employees cannot be compelled to individually arbitrate claims under California's Private Attorneys General Act of 2004, Labor Code § 2698, *et seq.* ("PAGA"). Plaintiff's motion for class

certification was taken under submission. (ECF No. 104.)

On March 13, 2013, defendant notified the court that it had appealed the denial of arbitration to the Ninth Circuit. (ECF No. 105.) The instant motion for a stay of the proceedings followed.

## II. STANDARD

The Federal Arbitration Act grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration. 9 U.S.C. § 16(a). In the Ninth Circuit, a stay pending appeal of an order denying a motion to compel arbitration is discretionary. See Britton v. Co-op Banking Group, 916 F.2d 1405, 1412 (9th Cir. 1990). Whether to issue a stay is "an exercise of judicial discretion . . . to be guided by sound legal principles." Nken v. Holder, 556 U.S. 418, 433-4 (2009) (internal quotations and citations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Id.

Courts consider four factors when determining whether to grant a stay pending appeal of a civil order:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The first two factors are the most critical. Nken, 556 U.S. at 434. In Leiva-Perez v. Holder, 640 F.3d 962 (9th Cir. 2011), the Ninth

Circuit clarified its treatment of the first two factors in light of Nken, holding that the petitioner's "burden with regard to irreparable harm is higher than it is on the likelihood of success prong, as [it] must show that an irreparable injury is the more probable or likely outcome." Id. at 968.

**III. ANALYSIS**

    **A. Likelihood of success**

    The Ninth Circuit recently articulated the following standard for the degree of success required to justify a stay pending appeal:

> [I]t is not enough that the likelihood of success on the merits is "better than negligible" or that there is a "mere possibility of relief." Since [the Supreme Court in Nken] did not specify the exact degree of likely success that stay petitioners must show . . . courts routinely use different formulations to describe this factor. We have concluded that many of these formulations, including "reasonable probability," "fair prospect," "substantial case on the merits," and "serious legal questions ... raised," are largely interchangeable. All of these formulations indicate that, at a minimum, a petitioner must show that there is a "substantial case for relief on the merits." The standard does not require the petitioners to show that "it is more likely than not that they will win on the merits."

Lair v. Bullock, 697 F.3d 1200, 1204 (9th Cir. 2012) (internal citations and quotations omitted).

    Defendant initially argues for a stay on the grounds that the "precise issues raised by Stockton Honda's Arbitration Motion and this Court's Order Denying Motion are currently pending before the California Supreme Court." (Points and Authorities in Support of Motion to Stay Proceedings ("Mot. Stay") 6:8-10, ECF No. 108-1.)

1      This argument is based on the potential non-viability of
2 Gentry v. Superior Court, 42 Cal. 4th 443 (2007). In Gentry, the
3 California Supreme Court held that, in certain cases, courts may
4 decline to enforce express waivers of class or representative
5 actions in arbitration agreements — if they determine that
6 individual arbitration might preclude employees from vindicating
7 unwaivable statutory rights (such as the right to overtime pay)
8 that express public policy in favor of enforcing wage and hour
9 laws. Id. at 463-4. The California Supreme Court has granted review
10 in at least three cases in order to address whether Gentry is still
11 good law in light of AT&T Mobility LLC v. Concepcion, 563 U.S. __,
12 131 S. Ct. 1740 (2011).[1]

13      Defendant's argument is simply specious. In deciding that
14 defendant had waived its right to compel arbitration herein, this
15 court was quite clear that it did not "take a position on Gentry's
16 continued viability, merely noting the (obvious) point that it is
17 an open question of law." (Order at 14:25-15-1, ECF No. 104.)
18 Rather, my decision was based on the standard for waiver developed
19 by the California Supreme Court in St. Agnes Med. Ctr. v.
20 PacifiCare of Cal., 31 Cal. 4th 1187, 1196 (2003). Defendant fails
21 to show how a decision by the California Supreme Court overruling
22 Gentry would alter this court's fact-specific finding of waiver.

---

[1] See Iskanian v. CLS Transp. Los Angeles, LLC, 206 Cal. App. 4th 949 (2012), review granted Mar. 21, 2012 (No. S204032); Reyes v. Liberman Broad., 208 Cal. App. 4th 1537 (2012), review granted Dec. 12, 2012 (No. S205907); Franco v. Arakelian Enterprises, Inc., 211 Cal. App. 4th 314, 326 (2012), review granted Feb. 13, 2013 (No. S207760).

5

As such, the fate of Gentry is irrelevant to defendant's likelihood of success on appeal.

Defendant next argues that the Ninth Circuit may find that it did not waive its arbitration rights through undue delay. (Mot. Stay at 7:20-22.)

This argument puts the court in an awkward position. On the one hand, the California Supreme Court has instructed that "[a] party who resists arbitration on the ground of waiver bears a heavy burden [of proof], and any doubts regarding a waiver allegation should be resolved in favor of arbitration." St. Agnes, 31 Cal. 4th at 1195 (internal citations omitted). In finding waiver, I determined that plaintiff met this "heavy burden." Defendant took actions inconsistent with right to arbitrate, substantially invoked the litigation machinery, and delayed in seeking arbitration. Most tellingly, defendant waited four months after the second stay was lifted and two months after a pre-trial scheduling conference (and, not incidentally, just nine days before plaintiff's class certification motion was to be filed) before making its initial arbitration demand. Eight days later, defendant filed a lengthy, complex motion to compel arbitration. This led the court to infer that the motion had been in the works well before the arbitration demand was made, evidencing a lack of good faith — a longstanding requirement to invoke arbitration under California law.

I stand by my reasoning that defendant has waived its right to compel arbitration.

Nevertheless, it would be disingenuous to pretend that

defendant does not have a "fair prospect" of success on appeal. Leiva-Perez, 640 F.3d at 966. Denial of a motion to compel arbitration is reviewed de novo. Brown v. Dillard's, Inc., 430 F.3d 1004 (9th Cir. 2005). Several recent Ninth Circuit decisions have held that defendants did not waive their arbitration rights. See, e.g., Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1125 (9th Cir. 2008) ("We conclude that the district court erred in determining that Ocean View waived its right to arbitrate its dispute with Cox"); Sovak v. Chugai Pharm. Co., 280 F.3d 1266, 1270-71 (9th Cir. 2002) ("[W]e hold that Cook did not waive its right to compel arbitration under the FAA"); Chappel v. Lab. Corp. of America, 232 F.3d 719, 724 (9th Cir. 2000) ("We do not lightly find waiver of the right to arbitrate . . . and we do not do so here").

On review, the Ninth Circuit may similarly find that no waiver occurred here; this possibility is sufficient to demonstrate a "fair prospect" of success on appeal.

**B. Irreparable harm**

The next factor to be weighed in determining the propriety of a stay is irreparable harm to the moving party.

"The question on the irreparable harm stay factor is 'whether the applicant will be irreparably injured absent a stay[.]'" Leiva-Perez, 640 F.3d at 968 (quoting Nken, 556 U.S. at 434). The applicant need only show that there is a probability of irreparable injury if the stay is not granted. Lair, 697 F.3d at 1214 (citing Leiva-Perez). In analyzing the probability of irreparable injury, the court is to "focus on the individualized nature of irreparable

7

harm and not on whether it is 'categorically irreparable.'" Id. (quoting Nken, 556 U.S. at 435). "[I]f the petitioner has not made a certain threshold showing regarding irreparable harm . . . then a stay may not issue, regardless of the petitioner's proof regarding the other stay factors." Leiva-Perez, 640 F.3d at 965.

Defendant contends that it will be irreparably harmed if this action proceeds, arguing that "if a class is certified, both the character of the litigation and the potential scale of expenses will change dramatically." (Mot. Stay at 12:3-4.) Defendant further argues that, even if this matter proceeds as an individual action, it will be "subjected to the expense of full-blown, formal discovery, and preparing for and bringing dispositive motions, which will additionally require the expenditure of court resources to resolve . . . and may be required to prepare for a trial, which would prove unnecessary if [it] prevails on appeal." (Mot. Stay at 12:8-12.)

In opposition, plaintiff points to several decisions holding that the costs of discovery and of briefing dispositive motions do not constitute "irreparable harm" for purposes of granting a stay. Plaintiff also claims that "[d]efendant has [itself] propounded voluminous written discovery." (Opposition to Motion to Stay Proceedings ("Opposition") 6:15-7:1, ECF No. 110.)

In reply, defendant argues that "the cost- and time-saving benefits of arbitration are irretrievably lost and cannot be regained by an appeal following final judgment, after the parties have participated in time-consuming and expensive motion practice,

discovery, and trial." (Reply to Opposition to Motion to Stay Proceedings ("Reply") 3:8-12, ECF No. 112.) It cites numerous district court decisions holding that "having to defend a class or representative action while awaiting resolution of an interlocutory appeal" constitutes irreparable harm, particularly when trial is imminent. (Reply 5:8-6:3.)

Defendant has the better of this argument. Because of the procedural posture of this case, there are significant consequences to denying a stay and allowing the case to proceed. Many of the advantages of arbitration have already been lost after years of litigation. Nevertheless, this case is now entering the stage in which it will proceed to trial, either as a class action or an individual action. Discovery is to be completed by May 31, 2013. Law and motion (including, perhaps, motion(s) for summary judgment) must be heard by July 13, 2013. Trial is set for January 28, 2014. (Status (Pretrial Scheduling) Order, ECF No. 70.) By comparison, briefing in defendant's appeal will not be completed until August 2013. Given the Ninth Circuit's crowded docket, it is rather unlikely that a decision will issue by the time trial is scheduled.

If, in fact, defendant has a right to arbitrate this dispute, it ought to enjoy some benefit of this right. At this stage of the litigation, for defendant to be forced to proceed to trial, only to afterwards be allowed to arbitrate the dispute, would constitute a hollow victory indeed.

Other courts to consider the question have reached similar conclusions. See, e.g., Alascom, Inc. v. ITT North Elec. Co., 727

F.2d 1419, 1422 (9th Cir. 1984) ("[W]here an order grants a stay of arbitration, one party is deprived of the inexpensive and expeditious means by which the parties had agreed to resolve their disputes. If that party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration — speed and economy — are lost forever"); Steiner v. Apple Computer, Inc., No. C 07-04486, 2008 WL 1925197 at *5 (N.D. Cal. Apr. 29, 2008) ("[I]rreparable harm 'strongly' favors a stay . . . . Were this matter to proceed, in addition to the standard costs and burden associated with consumer litigation, [plaintiffs] would seek class certification . . . possibly leading to another interlocutory appeal, or alternatively, to expensive and burdensome notification and certification procedures").

Accordingly, I find that defendant has demonstrated a sufficient probability that it will be irreparably harmed if the stay is not granted.

**C. Injury to other parties**

The court must next assess the degree to which other parties may be injured as a result of a stay.

Defendant argues that any delay as a result of the stay will be slight, and that, as plaintiff's estimated damages are approximately $10,000,[2] any delay in recovery does not constitute

---

[2] Defendant mischaracterizes the record in making this assertion. The portion of plaintiff's counsel's declaration to which he cites reads, "[W]e estimate damages for [plaintiff] for denial of rest and meal breaks and for unpaid time to be approximately $10,000 to $20,000. We further estimate that penalties recoverable under the PAGA for the overtime violations

10

a significant injury. (Mot. Stay 12:24 - 13:2.)

Plaintiff counters that halting discovery in an action that is already five years old will injure him, potential class members, and any employees covered by his PAGA claims. (Opposition 7:18-23.)

The delay in recovery occasioned by a stay is unfortunate. The amount at issue would significantly benefit an hourly worker like plaintiff, and, if a class is ultimately certified, similarly-situated employees. Further, I am of the view that unduly delaying a plaintiff's day in court constitutes a significant injury.

That said, plaintiff's arguments about the harms issuing from a stay of discovery carry little weight because he has failed to allege them with any specificity. Courts that have addressed this issue are generally concerned with undue loss or destruction of evidence stemming from a delay. See, e.g., Bradberry v. T-Mobile USA, Inc., No. C 06-6567, 2007 WL 2221076 at *4 (N.D. Cal. Aug. 2, 2007) (Wilken, J.) ("[T]he risk of lost evidence weighs against granting a stay"); Winig v. Cingular Wireless LLC, No. C-06-4297, 2006 WL 3201047 at *2 (N.D. Cal. Nov. 6, 2006) (Chesney, J.) ("[T]he Court is not persuaded that plaintiff or the proposed class will suffer harm in connection with the preservation of evidence"). In the absence of such allegations, particularly given that discovery is set to close in just over a month, there appears to

---

to be approximately $5,000.00, of which only $1250.00 would go to Plaintiff." (Decl. Mallison ¶ 12, ECF No. 95.) In other words, plaintiff's estimated recovery is between $11,250 and $21,250, *i.e.*, significantly more than $10,000. Defendant is directed to accurately cite the record in future court filings.

11

be little concrete harm in issuing the stay.

Ultimately, while plaintiff (and potential class members) will potentially be injured by the stay, the magnitude of the injury is insufficient, in and of itself, to justify denying the motion.

**D. Public interest**

More so than in most such cases, the court herein places significant weight on "where the public interest lies." Hilton, 481 U.S. at 776.

Both judicial economy and the risk of redundant or inconsistent actions weigh heavily in favor of issuing the requested stay.

If the stay were not granted, the court would have to determine whether to certify the class during the pendency of the appeal. The motion for class certification is brought under Fed. R. Civ. P. 23(b)(3). If the class were certified, the subject class – consisting of some 197 individuals (Decl. Mallison ¶ 20, ECF No. 77) – would have to be notified of the action and given the opportunity to opt out of the class. Rule 23(c)(2)(B). Once certified, most class actions are resolved through settlement. But it is difficult to envision productive settlement negotiations in the shadow of the present appeal. Why settle a class action when an individual arbitration may be in the offing?

Conversely, if this matter proceeds as an individual action, one or both parties may bring motions for summary judgment and a trial may be held before the Ninth Circuit's ruling issues. Any subsequent arbitration would necessarily be conducted in light of

the decisions issued by this court, possibly giving rise to inconsistent judicial and arbitral opinions.

If the Ninth Circuit determines on appeal that defendant did not waive its right to arbitrate, this action will not immediately proceed to arbitration. Instead, the court will be called upon to decide (i) if plaintiff actually signed the arbitration agreement (which he disputes), (ii) whether classwide arbitration waivers in employment agreements are enforceable, and (iii) whether employees can be compelled to individually arbitrate PAGA claims.[3] Based on the state of the law, which is currently in flux, at that time, these post-appeal decisions may conflict with decisions of the court issued during the pendency of appeal. Such an outcome would be highly undesirable.

Finally, if defendant prevails on appeal, any class proceedings would likely have to be stayed, and notice of the stay provided to the class members. If plaintiff's claim is then sent to arbitration, the class would then have to be decertified, requiring further notice to the subject class. I am wary of sending three class notices, particularly where the first notice ("a class has been certified") would be directly contradicted by the last notice ("the class has been decertified").

In short, the procedural posture of this case counsels in

---

[3] The latter two issues may be settled by the California Supreme Court's decision as to the continued viability of Gentry, 42 Cal. 4th at 443. According to that Court's on-line docket, Iskanian v. CLS Transp. Los Angeles, LLC (No. S204032) was fully briefed as of April 11, 2013.

13

favor of a stay. Plaintiff has not shown how speedy resolution of this matter would outweigh the undue consumption of judicial resources, the possibility of inconsistent decisions, and the potential confusion of class members in the event defendant prevails on appeal. The prudent course is to await the results of the appeal before proceeding further.

## IV. CONCLUSION

For the reasons set forth above, the court hereby orders as follows:

[1] Defendant Stockton Honda's motion to stay proceedings pending appeal (ECF No. 108) is GRANTED.

[2] The parties are DIRECTED to notify the court in writing within ten (10) days of any disposition of defendant's appeal by the Ninth Circuit. The court will then set a status conference to determine the subsequent course of the proceedings.

[3] In the interim, the following motions are TERMED:

- Plaintiff's motion for class certification. (ECF No. 73.)
- Defendants' motion for supplemental briefing. (ECF No. 111.)
- Defendants' ex parte application for an order compelling Rule 26 disclosures. (ECF No. 116.)

IT IS SO ORDERED.

DATED: April 25, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

14